United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20986
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

AMIN ALI NAZARALLY, also known as Antonio Villareal

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-35-ALL

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Amin Ali Nazarally appeals his guilty-plea conviction and 57-month sentence for illegal reentry, in violation of 8 U.S.C. § 1326. He argues that his sentence is unreasonable as a matter of law because this court's use of a presumption of reasonableness for sentences imposed within the properly calculated guidelines range effectively reinstates the mandatory guidelines regime struck down in United States v. Booker, 543 U.S. 220 (2005). He concedes

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the argument is foreclosed by circuit precedent, but he raises it to preserve it for further review. The argument fails as the Supreme Court has since affirmed the use of a presumption of reasonableness. *Rita v. United States*, 127 S. Ct. 2456, 2462-66 (2007).

Nazarally's constitutional challenge to § 1326(b) is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Nazarally contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005); see also *Rangel-Reyes v. United States*, 126 S. Ct. 2873 (2006); *United States v. Pineda-Arrellano*, 2007 U.S. App. LEXIS 16925 (5th Cir. July 17, 2007). Nazarally properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.